Honorable Gibson D. (Gib) Lewis Chairman House Committee on Intergovernmental Affairs John H. Reagan Building Austin, Texas 78769
Re: Partial vacation of subdivision plats
Dear Representative Lewis:
You inform us that in 1966 a developer subdivided a tract of land into large lots and filed a subdivision plat which was duly recorded. You further state that the developer also filed and had recorded certain restrictions, covenants, and conditions applicable to lots in the subdivision. One such restriction reads as follows:
1. Minimum Plot Size:
 The plots as shown on the recorded plat, above mentioned, [here there is reference to the plat recording date] may be subdivided into separate lots in a manner approved by the developer. Developer has on file in his office, and may maintain on file there, a plan of such subdivisions of plots, which may be followed by any purchaser; or, a different style of subdivision of a plot may be made with the approval of the developer. (Emphasis added.)
A number of lots in the subdivision were thereafter sold and the buyers were made aware of the restrictions at the time of purchase. One of the purchasers of a five acre lot in the subdivision now wants to further subdivide his lot into three lots under the provision cited above and has obtained the consent for a vacation to allow such resubdivision from all the owners in the subdivision except two.
You ask the following question:
 Does an owner by the purchase of a lot in a subdivision where Deed Restrictions specifically set out further subdivision of those lots as permissible, waive his consent or give a prior consent pursuant to Article 974(a), Section 5 to the resubdivision of the original subdivision lots?
All purchases of lots in the subdivision were made subject to the plat as filed along with appropriately recorded covenants, restrictions, and conditions. Under the facts submitted, a purchaser of lots in the subdivision has the right to resubdivide upon proper approval of the developer pursuant to the recorded plat, covenants, restrictions, and conditions.
We note that in cases in which replatting is required pursuant to Article 974(a), V.A.T.S., the 67th Legislature passed Senate Bill No. 767 amending Section 5 of Article 974(a) which considerably modifies the procedure for facating a plat.
 SUMMARY
Under the facts submitted, a purchaser of lots may resubdivide upon proper approval pursuant to the recorded plat, covenants, restrictions, and conditions.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by John W. Fainter, Jr. Assistant Attorney General